UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MICHELE FENGLER, on behalf of herself and all
other employees similarly situated, et al.,

                      Plaintiffs,

   -v-                                       5:08-CV-1221

CROUSE HEALTH SYSTEM, INC., et al.,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                               OF COUNSEL:

DOLAN, THOMAS & SOLOMON LLP         PATRICK J. SOLOMON, ESQ.
Attorneys for Plaintiffs                       J. NELSON THOMAS, ESQ.
693 East Avenue                                 JUSTIN M. CORDELLO, ESQ.
Rochester, NY 14607                        MICHAEL J. LINGLE, ESQ.
                                                        SARA E. ROOK, ESQ.

BOND, SCHOENECK & KING, PLLC          JOHN GAAL, ESQ.
Attorneys for Defendants                    JOSEPH C. DOLE, ESQ.
One Lincoln Center                             LOUIS ORBACH, ESQ.
Syracuse, NY 13202-1355

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

       Defendants Crouse Health System, Inc. and related entities and individuals ("defendants" or "Crouse") moved for partial summary judgment dismissing certain opt-in plaintiffs ("disputed plaintiffs") from this action. Plaintiffs opposed and defendants replied. Oral argument was heard on March 24, 2010, in Utica, New York. Decision was reserved.

II. **BACKGROUND**[1]

Disputed plaintiffs opted-in to this class action pursuant to a Notice and Consent Form in form and substance as directed by Magistrate Judge David Peebles. (June 8, 2009, Order Doc. No. 211, appeal denied, Aug. 26, 2009, Order Doc. No. 242.) The class has been preliminarily certified as follows:

> All present and former hourly employees of Crouse Hospital, including but not limited to registered nurses, licensed practical nurses, and certified nurses' assistants, with direct patient care responsibilities who have been subject to automatic meal break deductions through use of the Kronos system, and who have or may have worked through or during unpaid meal breaks without compensation at any time during the past three years.

(Jan. 26, 2009, Order Doc. No. 170.)

Magistrate Judge Peebles set forth a procedure for review of improper opt-ins by the parties, concluding with defendants making a motion for partial summary judgment as to those allegedly improper opt-ins about which the parties could not agree. In sum, there were seventeen disputed plaintiffs about which the parties could not agree, the subjects of the current motion.

Prior to the hearing on this motion disputed plaintiff Felicia Montanez was voluntarily dismissed from this action. All of the remaining disputed plaintiffs left defendants' employ more than three years prior to opting-in to this lawsuit.[2]

---

[1] Additional background is set forth in Fengler v. Crouse Health Sys., Inc., 634 F. Supp. 2d 257 (N.D.N.Y. 2009).

[2] Crouse stated that it had no record of employing Lucinda A. Redmond. In response, she submitted an affirmation that she did work for Crouse until June 1, 1995. Thus, even if it is true that Redmond worked for defendants, her employment ended well more than three years prior to her opt-in.

- 2 -

## III. **SUMMARY JUDGMENT STANDARD**

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Id. Then the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id.

## IV. **DISCUSSION**

It is undisputed that each of the disputed plaintiffs did not work for Crouse during the last three years prior to opting in, as follows:

| Disputed Plaintiff | Termination Date | Opt-in Date |
|---|---|---|
| Tammy P. Aiken | 6/10/1991 | 11/18/2008 |
| Stephanie E. Anderson | 9/3/1999 | 11/18/2008 |
| Leilani Beardsley | 3/15/2003 | 11/19/2008 |
| Alicia R. Castrello | 10/20/2005[3] | 11/18/2008 |
| Christopher G. Considine | 7/31/2006 | 9/8/2009 |
| Donna T. Gallagher | 7/30/1999 | 11/18/2008 |
| SueCarol M. Gamble | 2/11/1995 | 11/18/2008 |
| Dianne M. Harris | 5/1/1994 | 11/18/2008 |
| Valerie L. Kelly | 6/23/2000 | 11/18/2008 |
| Judith S. Mignacca | 9/14/1995 | 11/18/2008 |
| Alison A. Neuser | 11/22/2005 | 12/11/2008 |
| Joanne A. Rogers | 8/15/1997 | 11/18/2008 |
| Amy Lee Turner | 2/1/2006 | 7/24/2009 |
| Mary E. Vincent | 9/10/2005 | 11/18/2008 |
| Carol A. Walters | 6/6/2002 | 11/19/2008 |
| Lucinda A. Redmond | 6/1/1995 | unknown |

---

[3] The affidavit filed by disputed plaintiff Alicia Castrello states that she worked for defendants from 1975 to 1989 and October 2005 until October 2006. (Lingle Aff. Ex. I ¶ 2 Doc. No. 262-1.) However, plaintiff did not dispute defendants' proffered Statement of Undisputed Facts, which stated that she had not worked for defendants during the three years prior to her opt-in, except to the extent to argue for estoppel or tolling. (Pltfs.' Resp. Statement of Material Facts No. 4 Doc. No. 271-1.) Thus, it is an undisputed fact that Castrello did not work for Crouse in the three years before her opt-in on November 18, 2008.

The class was certified as direct patient care workers who "worked through or during unpaid meal breaks without compensation <u>at any time during the past three years</u>."  (Jan. 26, 2009, Order Doc. No. 170 (emphasis added).)  Thus, based upon the undisputed facts that none of the disputed plaintiffs worked for defendants during the past three years, except Christopher G. Considine ("Considine") and Amy Lee Turner ("Turner"), they necessarily fall outside the certified class and must be dismissed.[4]

Considine and Turner worked for defendants during the past three years from January 26, 2009, the date the class was certified.  Thus, they fall within the description of the class.  However, the motion for summary judgment will be denied without prejudice to renew upon close of discovery.

## IV.  CONCLUSION

None of the disputed plaintiffs except Considine and Turner meet the definition of the class and therefore must be dismissed.  Defendants' motion as to Considine and Turner will be denied without prejudice.

Accordingly, it is

---

[4] It is noted that plaintiffs argue equitable estoppel and tolling.  It is unnecessary to address these doctrines as the motion is resolved because the disputed plaintiffs fall outside the class. Furthermore, plaintiffs did not appeal the Order certifying the class to assert equitable estoppel and tolling.  Rather, plaintiffs raised equitable estoppel and tolling in a later appeal of the Magistrate Judge's decision of June 8, 2009, restricting unsolicited communications with putative class members.  (Pltfs.' 6-11-09 Mem. at 8-12 Doc No. 213.)  With this argument plaintiff sought to toll the statute of limitations from January 26, 2009, when the class was certified to the time when notice was actually issued.  Thus, it is only now after years of litigation that plaintiff essentially seeks to set aside the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, statute of limitations.  This is inapposite now that the class has been certified as those who worked during meal breaks without being paid at any time during the last three years.

Again, at issue is whether the disputed plaintiffs qualify as class members.  The statute of limitations is a separate question.  Disputed plaintiffs who do not qualify as class members in this collective action may bring a separate FLSA action and argue that there is no statute of limitations bar due to equitable estoppel and/or tolling.

ORDERED that

1. Defendants' motion for partial summary judgment is GRANTED in part and DENIED;

2. TAMMY P. AIKEN, STEPHANIE E. ANDERSON, LEILANI BEARDSLEY, ALICIA R. CASTRELLO, DONNA T. GALLAGHER, SUECAROL M. GAMBLE, DIANNE M. HARRIS, VALERIE L. KELLY, JUDITH S. MIGNACCA, ALISON A. NEUSER, JOANNE A. ROGERS, MARY E. VINCENT, CAROL A. WALTERS, and LUCINDA A. REDMOND are DISMISSED as plaintiffs in this action; and

3. CHRISTOPHER G. CONSIDINE and AMY LEE TURNER remain as plaintiffs in this action subject to a future motion by defendants.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 26, 2010
       Utica, New York.