UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIANNE MEYERS, on behalf of herself and all other employees similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>CROUSE HEALTH SYSTEM, INC., CROUSE HEALTH HOSPITAL, INC., PAUL KRONENBERG, MD, JOHN BERGEMANN, and CROUSE HOSPITAL 401K RETIREMENT PLAN,<br><br>      Defendants. | [PROPOSED]<br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>Civil Action No.<br>No. 08-CV-1221 (DNH/DEP) |

  **WHEREAS,** Named Plaintiff Marianne Meyers, for herself and on behalf of the Opt-In Plaintiffs and proposed Settlement Classes, on the one hand, and Crouse Health Hospital, Inc., for itself and on behalf of the other Defendants in this Action, on the other hand, have, contingent on Court approval, entered into a Settlement Agreement that is intended to resolve this Action, as well as any other claims that were, or could have been, asserted based upon the allegations in the Complaint, dated November 13, 2008, which alleged claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the New York Labor Law, the Employee Retirement Income and Security Act, 29 U.S.C. § 1001, *et seq.*, and for estoppel arising out of Defendants' alleged failure to appropriately compensate current and former hourly employees for all time worked and alleged failure to keep accurate records; and

  **WHEREAS,** the Court in prior Decisions and Orders in this Action has certified a collective action under Section 216(b) of the FLSA, 29 U.S.C. § 216(b) [Docket No. 170], and a class action under Fed. R. Civ. P. 23(a) and (b)(3) [Docket No. 333]; and

**WHEREAS**, the Court has before it the Parties' Joint Motion for Preliminary Approval of Settlement, which includes the Settlement Agreement and supporting materials; and

**WHEREAS**, the Court preliminarily finds that the proposed Settlement resulted from good faith, informed, and extensive arm's-length negotiations between experienced counsel with the assistance of an independent and knowledgeable mediator, and is sufficiently fair, reasonable and adequate to warrant sending notice of the Settlement to the members of the proposed Settlement Classes ("Class Members");

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Capitalized terms not otherwise defined in this Order shall have the definitions assigned to them in the Settlement Agreement.

2. The terms and conditions of the Settlement are hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing, as provided in Paragraph 18, below. The Court finds that Notice of the proposed Settlement should be given as provided in the Settlement Agreement.

3. The Court preliminarily certifies the following Settlement Classes in place of the FLSA collective action and the Fed. R. Civ. P. 23 class action previously certified by the Court, which are hereby decertified:

   i. The "Collective Class" shall include (a) the individuals listed on Tab B of the Settlement Agreement, who have previously filed consents to join the Action and who have not been dismissed (the "Opt-In Plaintiffs"), and (b) all individuals who timely return a valid and effective Claim Form containing a consent to join the Action and who worked for Crouse Hospital as an Hourly Employee at any time from November 13, 2002, through the date

of entry of this Preliminary Approval Order. The Collective Class is preliminarily certified under FLSA § 216(b), 29 U.S.C. § 216(b).

        ii.      The "Rule 23 Class" shall include all individuals who worked for Crouse Hospital as an Hourly Employee at any time from November 13, 2002, through the date of entry of this Preliminary Approval Order. The Rule 23 Class is preliminarily certified under Fed. R. Civ. P. 23(a), (b)(3), and (e).

4.      The Court preliminarily finds that the Named Plaintiff, Marianne Meyers, is an adequate class representative for the Settlement Classes.

5.      The Court preliminarily finds that Patrick J. Solomon, Esq. and Guy A. Talia of the law firm of Thomas & Solomon, LLP, 693 East Avenue, Rochester, New York, are adequate to serve as Class Counsel for the Settlement Classes, and preliminarily appoints them as Class Counsel for the Settlement Classes.

6.      Any Class Member who does not elect to be excluded from the Settlement Classes may, but need not, enter an appearance through his or her own attorney. Class Members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

7.      The Parties are authorized to retain Rust Consulting, Inc. to serve as the Administrator of the Settlement in accordance with the terms of the Settlement Agreement.

8.      The Notice and Claim Form, attached as Tabs C and D to the Settlement Agreement, are hereby approved, and shall be distributed in the manner set forth in Section 9(a) of the Settlement Agreement. The Court finds that the Notice and Claim Form are accurate, objective and informative, and are the best practicable means of providing reasonable notice to Class Members of, among other things: (a) the proposed Settlement and its effect, (b) the process

available to them to request a payment under the Settlement, (c) how they may object or opt-out, (d) the time and place of the Final Approval Hearing, and (e) the applications to be made by Class Counsel for (i) attorneys fees and costs and (ii) service payments for the Named Plaintiff and Opt-In Plaintiffs. Distribution of the Notice and Claim Form by the Administrator in the manner set forth in Section 9(a) of the Settlement Agreement shall constitute sufficient notice of these matters to Class Members in full compliance with Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of New York, and all other applicable laws.

9. Prior to the Final Approval Hearing, Class Counsel shall file a sworn statement of the Administrator, attesting to the Administrator's compliance with the provisions of Section 9(a) of the Settlement Agreement with respect to the distribution of the Notice Packets to Class Members.

10. The Administrative Costs of the proposed Settlement, including, without limitation the costs of distributing the Notice Packets to Class Members, shall be paid from the Total Settlement Amount as provided in the Settlement Agreement.

11. To request a payment under the Settlement, any Class Member who is not already an Opt-In Plaintiff must timely return to the Administrator a valid and effective Claim Form. To be valid and effective, a Claim Form must be signed, dated, fully completed, unaltered, and postmarked or otherwise returned to the Administrator no later than forty-five (45) days after the initial mailing of the Notice Packets to the Settlement Classes, as provided in Section 9(b) of the Settlement Agreement.

12. Upon receipt of an unsigned, undated, untimely, incomplete, or altered Claim Form, the Administrator shall promptly apprise the individual who returned the form of its

deficiency and provide such individual with a substitute form that the individual may use to cure the deficiency within ten (10) days. A Claim Form that remains unsigned, undated, untimely, incomplete, or altered eleven (11) days after a deficiency letter has been mailed by the Administrator shall be void, absent a showing of good cause as determined by the Court.

13. Any Class Member may request exclusion from the Settlement Classes by submitting a written request for exclusion to the Administrator, as provided in Section 9(b) of the Settlement Agreement. To be effective, the request for exclusion must: include the Class Member's name and address; state that the Class Member requests to be excluded from the Parties' Settlement in *Meyers v. Crouse Health System, Inc., et al.*, Case No. 08-cv-1221; state that the Class Member understands that by excluding himself or herself from the Settlement, he or she will receive no funds in conjunction with the case; be signed by the Class Member and dated; and be postmarked or otherwise returned to the Administrator no later than forty-five (45) days after the initial mailing of the Notice Packets to the Settlement Classes. If, however, the Class Member timely submits a valid and effective Claim Form to the Administrator, his or her request for exclusion will be void.

14. Any Class Member who does not timely submit to the Administrator a valid and effective written request for exclusion from the Settlement Classes shall be bound by the terms and conditions of the Settlement (if the Settlement is finally approved by the Court), regardless of whether the Class Member objected to the Settlement as provided in Paragraph 15, below, or submitted a Claim Form.

15. Any Class Member who does not exclude himself or herself from the Settlement Classes may object to the terms of the Settlement, to Class Counsel's request for an award of attorneys fees and costs, and/or to the Named Plaintiff's or Opt-In Plaintiffs' requests

for service payments. To object, the Class Member must file with the Court and serve on counsel for the Parties a written statement that includes the full name and address of the Class Member, the dates of the Class Member's employment with the Defendant(s), and a description of the nature of his or her objection, including any legal support and/or evidence that the objecting Class Member wishes to bring to the Court's attention or introduce in support of his or her objection. Any objection must be filed with the Court and served on counsel for the Parties no later than forty-five (45) days after the initial mailing of the Notice Packets to the Settlement Classes. Any person who does not timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection, and any untimely objection shall be barred.

16. Any objector who files and serves a timely, written objection in accordance with this Order may also be heard at the Final Approval Hearing either in person or through counsel retained at the objector's expense. If an objecting Class Member intends to be heard at the Final Approval Hearing, either personally or through his or her own attorney, the Class Member's written objection must include a notice of the intention to appear. Any objector who does not timely file and serve a notice of intention to appear in accordance with this Order shall not be heard at the Final Approval Hearing, either personally or through his or her own attorney, except for good cause shown.

17. An attorney who intends to appear at the Final Approval Hearing on behalf of one or more objecting Class Members must file a Notice of Appearance with the Court and serve it on counsel for the Parties no later than forty-five (45) days after the initial mailing of the Notice Packets to the Settlement Classes. The Notice of Appearance must identify each Class Member for whom the attorney is appearing. Any attorney who does not timely file and

serve a Notice of Appearance in accordance with this Order shall not be heard at the Final Approval Hearing, except for good cause shown.

18. The Final Approval Hearing will be held on _____, 2013, at _____ am/pm before this Court, to finally determine: (a) whether the Settlement should be fully, finally, and unconditionally approved as fair, reasonable and adequate, the claims against Defendants extinguished as specified in the Settlement Agreement, and this Action dismissed with prejudice; (b) whether the application for attorneys fees and costs to be filed by Class Counsel should be approved; and (c) whether the applications to be filed by Class Counsel for service payments to the Named Plaintiff and Opt-In Plaintiffs should approved.

19. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court.

20. Any applications by Class Counsel for attorneys' fees and costs and for service payments for Named Plaintiff Marianne Meyers and the Opt-In Plaintiffs shall be filed with the Court and served on counsel for the Defendants no later than ten (10) days prior to the Final Approval Hearing. Any such applications shall be heard at the Final Approval Hearing.

21. If the Court does not enter a Final Approval Order, or the Effective Date of the Settlement Agreement does not occur, the Settlement Agreement shall be deemed null and void, and shall not be used for any purpose whatsoever in any further proceeding(s) in the Action or in any other suit, action, or proceeding; the Court's certification of the Settlement Classes shall be void and of no effect; this Order shall be vacated; and the Parties will be returned to their respective positions *nunc pro tunc* as those positions existed immediately prior to the execution of the Settlement Agreement.

22.     The Class Action Fairness Act ("CAFA") Notice and CAFA Notice Service List which Defendants have submitted to the Court comply with 28 U.S.C. § 1715.

**IT IS SO ORDERED**   this ____ day of _____, 2013.

                                            _____
                                            Honorable David N. Hurd
                                            United States District Judge

2126853.5 5/10/2013